T.C. Summary Opinion 2005-187

UNITED STATES TAX COURT

LANG HER AND KA MOUA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 636-04S.              Filed December 27, 2005.

Lang Her and Ka Moua, pro se.

<u>George W. Bezold</u> and <u>Mark J. Miller</u>, for respondent.

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be

---

[1] Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies of $10,696 and $9,657 in petitioners' 2000 and 2001 Federal income taxes, respectively. After concessions by the parties,[2] the issue is whether petitioners are entitled to deduct certain business expenses on Schedule C, Profit or Loss From Business, for an activity participated in by petitioner Lang Her (petitioner) for the years in issue. At the time the petition was filed petitioners resided in Brown Deer, Wisconsin.

## Background

In 1995, Michael C. Cooper (Mr. Cooper) founded and incorporated a multilevel marketing company called Renaissance, The Tax People, Inc.[3] (Renaissance) in the State of Nevada, which was operated out of Topeka, Kansas. At its core, Renaissance was a pyramid scheme.[4] Its only product, the "Tax Advantage System"

---

[2] In a stipulation of settled issues, respondent conceded that petitioners are entitled to a Schedule C expense for supplies of $1,330 for the 2001 taxable year. In a stipulation of facts, petitioners conceded that they are not entitled to a dependency exemption deduction for petitioner Lang Her's father for either the 2000 or 2001 taxable year.

[3] Also known as RTTP; TheTaxPeople.net; Advantage International Marketing; AIM; and Renaissance Designer Gallery Products, Inc.

[4] A pyramid scheme is an investment program designed such that early investors are paid off with money paid into the program by later investors to encourage yet more and bigger
(continued...)

or "The Tax Relief System", was a fraudulent "home-based" business package designed to sell tax deductions of personal expenses through misleading representations regarding tax return preparation, tax advice, and alleged audit protection. Those who purchased this product were called Independent Marketing Associates (IMA). IMAs earned commissions by recruiting others to join Renaissance.

Renaissance was an illegal pyramid scheme and in 2001 was permanently enjoined from conducting business and selling its product. Mr. Cooper and other Renaissance leaders currently face Federal criminal charges including conspiracy to defraud the Internal Revenue Service, assisting in the preparation of false tax returns, mail fraud, wire fraud, and money laundering, all stemming from their involvement in Renaissance. Petitioner does not dispute these facts.

Petitioner operated his own insurance business as a sole proprietor, and petitioner Ka Moua worked as a secretary for a healthcare corporation.[5] Petitioner became involved with Renaissance as an IMA in 1999, and continued his relationship

---

[4](...continued)
investments. The plan will succeed until the amount of money going out of the program to payoff early investors exceeds the amount of funds coming into the program from later investors, at which time the entire program will collapse.

[5] Petitioner Ka Moua was not involved with the Renaissance activity.

with Renaissance in 2000 and 2001.  His involvement in Renaissance ended sometime in November 2001.

During his first year with Renaissance, petitioner drove his personal automobile to St. Paul, Minnesota, twice a month for training.  By the second year, he traveled to Minnesota once a month.  As he began to recruit new members, petitioner had meetings once every 2 weeks in his home.[6]  The meetings were held in the basement of petitioners' home which was furnished with a conference table, a telephone, a computer, and a freestanding chart board.  The basement was not used by petitioners for anything other than Renaissance meetings.

On Schedules C petitioners claimed deductions for business expenses totaling $79,676 and $54,182 for 2000 and 2001, respectively, for petitioner's insurance business activity.  No Schedule C for either year was filed for expenses relating to the Renaissance activities, rather the expenses for Renaissance were commingled with the insurance business expenses.  Both returns were prepared by a tax return preparer referred to petitioners by Renaissance.

---

[6]     Petitioner claims to have had approximately 33 of his own Renaissance recruits.

Respondent determined that various expenses were not substantiated, were not shown to be ordinary and necessary to petitioner's business, or were personal in nature and therefore not deductible.

## Discussion

Section 162 allows a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business if the taxpayer maintains records or other proof sufficient to substantiate the expenses.[7]  Secs. 162(a), 6001; sec. 1.6001-1(a), Income Tax Regs.  To be engaged in a trade or business the taxpayer must be involved in the activity with continuity and regularity and the taxpayer's primary purpose for engaging in the activity must be for income or profit.  Sec. 162; see Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987); Antonides v. Commissioner, 893 F.2d 656, 659 (4th Cir. 1990), affg. 91 T.C. 686 (1988).

Renaissance has been found to be an illegal pyramid scheme that offered no product or service other than the dissemination of fraudulent tax advice.  The parties have stipulated the deductions claimed with regard to the Renaissance activity; however, respondent contends that the Renaissance activity was not a trade or business.

---

[7]  Sec. 7491(a), concerning burden of proof, is not applicable here because petitioners have not satisfied the substantiation requirements.  Sec. 7491(a)(2)(A).

It is dubious at best to say that petitioner's participation in this pyramid scheme was conducted with the continuity and regularity of a trade or business, and that the claimed expenses were ordinary and necessary for the production of income. His Renaissance activities did not go beyond attending a meeting once a month and holding a meeting once every 2 weeks at his home. There is nothing in the record that provides a connection between the deductions claimed and a trade or business.

But, even if the Renaissance activity was a trade or business, petitioners face other problems. First, many of petitioner's claimed business expenses included family medical bills, clothing, and home mortgage interest.[8] "It is a fundamental policy of Federal income tax law that a taxpayer should not be entitled to a deduction for 'personal' expenses, such as the ordinary expenses of everyday living." Dobra v. Commissioner, 111 T.C. 339, 348 (1998); see sec. 262(a). The introductory materials of Renaissance's The Tax Relief System blatantly state that the taxpayer can convert "former ordinary home expenses into substantial business tax deductions immediately."[9]

_____

[8]    Deductions for home mortgage interest were allowed as itemized deductions on Schedule A, Itemized Deductions.

[9]    In Rev. Rul. 2004-32, 2004-12 I.R.B. 621, the Internal Revenue Service addressed home-based business schemes similar to Renaissance:

(continued...)

Second, we note that irrespective whether the Renaissance activity was a trade or business, the disallowed travel and car expenses were not substantiated as required by sections 274(d) and 280F(d)(4) applicable to so-called listed property including passenger automobiles. See sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46037 (Nov. 6, 1985). Petitioner's travel and car expenses were related to the use of his personal automobile. Petitioner has no records pertaining to the use of his automobile for the Renaissance activity.

Third, with respect to the disallowed expenses relating to the insurance business activity, petitioner lacked substantiation

---

[9](...continued)

Taxpayers participating in home-based business schemes invariably do not have a bona fide home-based business and are not using any portion of their residences exclusively and regularly for a work-related use. These schemes will not convert otherwise nondeductible personal, living or family expenses into legitimate deductions. Moreover, detailed recordkeeping cannot create a permissible deduction unless the expenses at issue are legitimate business expenses. Although deductions must be substantiated in order to be allowable, a taxpayer also must establish entitlement to the deduction, e.g., that the claimed expenses were ordinary and necessary for the production of income in a trade or business.

Revenue rulings do not have the force of law and are merely statements of the Commissioner's litigating and administrative position. Dixon v. United States, 381 U.S. 68, 73 (1965). They are not binding on courts, see, e.g., Stubbs, Overbeck & Associates v. United States, 445 F.2d 1142, 1146-1147 (5th Cir. 1971), but may be helpful and persuasive, Twin Oaks Cmty., Inc. v. Commissioner, 87 T.C. 1233, 1252 (1986).

and had difficulty explaining how various items appearing on the Schedules C were incurred. For example, on the 2000 and 2001 tax returns petitioner deducted $12,864 and $6,000, respectively, for wages, but he had no evidence to substantiate these expenses. Of the total disallowed expenses relating to the insurance business activity, the parties stipulated that petitioner was entitled to a deduction of $1,330 for supplies for 2001. With the exception of the agreed item, respondent's disallowance of the claimed expenses on both the 2000 and 2001 Schedule C is sustained.

Furthermore, generally no deductions are allowed with respect to the use of a dwelling unit which is used by the taxpayer as a residence. Sec. 280A(a). A taxpayer may be excepted from this general rule if a portion of the dwelling unit is exclusively used on a regular basis "as the principal place of business for any trade or business of the taxpayer". Sec. 280A(c)(1)(A).

Even assuming that petitioner's Renaissance activities were those of a trade or business and that petitioner's basement was used as the principal place of business, expenses incurred for incidental or occasional use of a home office are not deductible. See, e.g., Cally v. Commissioner, T.C. Memo. 1983-203; Roth v. Commissioner, T.C. Memo. 1981-699. Petitioners' basement was allegedly used for meetings only once every 2 weeks during the second year of petitioner's involvement with Renaissance. From

this record, it does not appear that petitioner devoted substantial time and energy to any business activity that involved the regular use of his basement.  Petitioners have not established that the exception to section 280A(a) applies, and respondent's disallowance of the deductions for utilities and other expenses claimed for the home office is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.